UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.  08 CR 448 |
| vs. | ) | |
| | ) | Magistrate Judge Sidney I. Schenkier |
| VANESSA RHODES | ) | |

## ORDER OF DETENTION PENDING TRIAL

This matter has come before the Court on the motion of the United States of America to detain defendant pending trial, pursuant to Title 18, United States Code, Section 3142(e), with the Court and parties having received and reviewed the report prepared by the Pretrial Services Office, with the Court having held a hearing pursuant to Title, United States Code, Section 3142(f) to determine whether any condition or set of conditions will reasonably assure the appearance of defendant as required and the safety of the community, and with the Court having considering all of the factors set forth in Title 18, United States Code, Section 3142(g):

THE COURT HEREBY FINDS THAT:

1. Defendant has been charged in a criminal complaint with knowingly and intentionally possessing with intent to distribute a controlled substance, in violation of Title 12, United States Code, Section 841(a).

2. Title 18, United States Code, Sections 3142(e) and (f)(1) establish a rebuttable presumption that defendant be detained prior to trial.

3. As detailed in open court on June 5, 2008, the history and characteristics of the defendant demonstrate an inability or unwillingness to obey the law and conditions of supervision imposed upon her by courts. Specifically:

A. Defendant was not forthright in providing information concerning her residence. Defendant stated that she lived with her mother, without disclosing that, in fact, she rented a separate apartment in which she resided. Defendant's mother confirmed that defendant had not lived at her mother's home regularly since she was 18 years old, although she would sleep there from time to time.

B. Upon searching the apartment that defendant rented, pursuant to a warrant, agents discovered evidence of narcotics dealing as well as several rounds of ammunition, a box for a hand gun, and a manual for use of the gun. The pretrial services report revealed that defendant does not have a firearm owner's identification ("FOID") card that would authorize her to own a gun.

C. Defendant has a prior criminal record which, while not extensive, presents certain concerns with respect to her present request for release on conditions. With respect to a conviction in June 2004, for which she received sentence that included 12 months of unsupervised probation, there were two petitions for violation of conditions. One of those petitions resulted in defendant being sentenced to serve a few days in Cook County Jail; with respect to the other petition, defendant failed to appear in court to respond to it and later was arrested pursuant to a bond forfeiture warrant. In addition, the current charged offense arises while defendant is serving a sentence of 24 months probation, issued on December 5, 2006, for possession of cocaine. The fact that the charged offense in this criminal complaint arises while defendant is on probation for another offense is a factor that weighs in favor of detention, *see* 18 U.S.C § 3142(g)(1)(B), and that weighs against her effort to rebut the presumption.

4. In light of these factors, the Court finds that defendant has failed to rebut the statutory presumption, pursuant to 18 U.S.C. § 3142(e), that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 3142, that defendant Vanessa Rhodes is remitted to the custody of the Attorney General for confinement in a corrections facility until resolution of this case or until further order of the Court. During the period of confinement, defendant shall be kept separate, to the maximum extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

IT IS FURTHER ORDERED that defendant shall be afforded reasonable opportunity for private consultation with counsel.

IT IS FURTHER ORDERED that on Order of a United States Court or on request of an attorney for the government, defendant shall be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding, trial preparation, or other compelling reason.

ENTER:

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

Dated: June 9, 2008

3